UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES SONG, et al., | Case No. 2:18-CV-757 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| MTC FINANCIAL, INC., et al., | |
| Defendant(s). | |

Presently before the court is plaintiffs James and Adrienne Song's (the "Songs") motion to remand. (ECF No. 17). Defendants PHH Mortgage Corporation ("PHH"); Wells Fargo Bank, N.A., as successor by merger to Wells Fargo Bank Minnesota, N.A., as trustee for Merrill Lynch Mortgage Investors Trust, Series MLCC 2003-A ("Wells Fargo"); Bank of America, N.A. ("BANA"); and Michael Danlag (collectively "defendants") filed a response. (ECF No. 24). The Songs filed a reply. (ECF No. 26).

Also before the court is defendants' motion to dismiss. (ECF No. 4). The Songs filed a response (ECF No. 14), to which defendants replied (ECF No. 15).

Also before the court is the Songs' motion for reconsideration. (ECF No. 36). Defendants filed a response (ECF No. 38), to which plaintiffs replied (ECF No. 39).

**I.      Facts**

This case involves a dispute over real property located at 2903 La Mesa Drive, Henderson, Nevada 89014 (the "property"). (ECF No. 9).

On January 17, 2003, the Songs pledged the property as security for a $394,458.00 loan from Merrill Lynch Credit Corporation ("Merrill Lynch"). (ECF No. 25). Merrill Lynch secured the loan with the first deed of trust, which was recorded against the property with the Clark County

recorder's office on January 23, 2003.  *Id*.  On or about May 1, 2010, the Songs defaulted on the loan.  *Id*.

Separate and apart from the first deed of trust, also on January 17, 2003, the Songs pledged the property as security for an additional loan of up to $1,455,542.00 (via home equity line of credit) from Merrill Lynch.  *Id*.  Merrill Lynch secured the loan with a second deed of trust, which was recorded on or about January 23, 2003.  *Id*.  On or about January 20, 2010, PHH, the servicer of both loans, filed and recorded a notice of default and election to sell pursuant to the second deed of trust.  *Id*.

On February 28, 2011, the Songs and PHH reached an agreement through a foreclosure mediation, as embodied by the text written on the mediation statement (the "settlement agreement").  *Id*.  The settlement agreement expressly referenced the second deed of trust but did not mention the first deed of trust.  *Id*.  A PHH representative as well as Mr. Song and his attorney witnessed and signed the settlement agreement.  *Id*.

On February 14, 2013, in response to a qualified written request allegedly mailed by Mr. Song, PHH mailed him a letter reiterating the terms of the settlement agreement.  *Id*.  The February 14, 2013, letter also indicates that because a foreclosure of the first lien was pending[,]" the Songs solicited assistance from PHH as early as November 20, 2012.  (ECF No. 15).  The Songs ultimately recorded both the settlement agreement and the letter from PHH against the property with the Clark County recorder's office.  *Id*.

On March 16, 2017, PHH recorded a notice of breach and default and election to cause sale of real property under deed of trust ("notice of default") pursuant to the first deed of trust.  (ECF No. 36-6).  Defendants are currently attempting to foreclose on the property pursuant to the first deed of trust.  (ECF No. 9-2).

On March 30, 2018, the Songs initiated this action in state court.  (ECF No. 1-1).  On April 10, 2018, the Songs filed an amended complaint alleging seven causes of action: (1) quiet title/declaratory relief; (2) promissory estoppel; (3) fraudulent and intentional misrepresentation; (4) negligent misrepresentation; (5) fraud; (6) civil conspiracy; and (7) slander of title.  (ECF No. 9-2).  On April 25, 2018, defendants removed this action to federal court.  (ECF No. 1).

**James C. Mahan**
**U.S. District Judge**

- 2 -

On May 7, 2018, the Songs filed a motion for preliminary injunction, requesting that the court enjoin defendants from taking or continuing any action to foreclose upon the property. (ECF No. 9). On June 6, 2018, the court denied the Songs' motion for preliminary injunction. (ECF No. 25).

Now, the Songs move to (1) remand this action back to state court and (2) for reconsideration of the court order denying the Songs' motion for preliminary injunction. (ECF Nos. 17, 36). In addition, the defendants move to dismiss the Songs' amended complaint. (ECF No. 4).

**II. Legal Standard**

*a. Remand*

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Federal Rule of Civil Procedure 12(b)(1) allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984–85 (9th Cir. 2008).

Although the defendant is the moving party in a 12(b)(1) motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court to survive the motion. *McCauley v. Ford Motor Co.,* 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). More specifically, the plaintiff's pleadings must show "the existence of whatever is essential to federal jurisdiction, and, if [plaintiff] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

. . .

*b. Failure to state a claim*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that

are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

Before the court are three motions. First, the court will deny the Songs' motion to remand (ECF No. 17). Second, the court will grant defendants' motion to dismiss (ECF No. 4) because the Songs have failed to state plausible claims for relief. Lastly, the court will deny as moot the Songs' motion for reconsideration. (ECF No. 36).

#### a. Remand

The Songs' argue that the court should remand this action to state court on three grounds: (1) two defendants, BANA and MTC Financial Inc. ("Trustee Corps"), did not consent to removal; (2) defendants waived their right of removal; and (3) Wells Fargo Minnesota, N.A., which is one of the removing parties in the petition for removal, is not a party in this litigation. (ECF No. 17).

##### i. Consent to removal

The Songs argue that the court should remand the case because BANA and Trustee Corps did not consent to removal. (ECF No. 17).

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224 (9th Cir. 2009). Failure to obtain consent of all served defendants prior to the expiration of the 30-day removal period renders the case subject to remand. *See Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999).

The petition for removal states that both BANA and Trustee Corps received notice and consented to removal. (ECF No. 1). Moreover, substantive evidence before the court clearly shows that BANA and Trustee Corps consented to removal on April 25, 2018, the same day defendants filed their petition. (ECF No. 24-1). Accordingly, the court will not remand this case to state court for lack of consent.

. . .

James C. Mahan
U.S. District Judge

- 5 -

## ii. Waiver of removal

"[A] defendant may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 790 (9th Cir. 2018) (quotes and citation omitted). However, any "such waiver must be clear and unequivocal." *Id.* (quotes and citation omitted). When a party takes "necessary defensive action to avoid a judgment being entered automatically against him, such an action does not manifest an intent to litigate in state court." *Resolution Tr. Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994), as amended (Jan. 20, 1995). Moreover, "the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits." *Id.*

The Songs argue that the defendants waived their right of removal by filing a preemptory challenge to disqualify District Court Judge Jim Crockett from this case. (ECF No. 17). However, district courts in the Ninth Circuit routinely hold that filing a peremptory challenge in state court does not evidence clear and unequivocal intent to adjudicate the action in state court. *See, e.g.*, *Arminak v. Arminak & Assocs., LLC*, No. LA CV16-03382 JAK (SSx), 2016 WL 10788359 at *13 (C.D. Cal. Dec. 7, 2016); *see also, e.g.*, *McSorley v. The Hartford*, No. 10-03209 CW, 2010 WL 11586923 at *3 (N.D. Cal. Sept. 28, 2010). Therefore, defendants did not waive their right to removal by filing a peremptory challenge.

The Songs also argue that the defendants manifested intent to litigate in state court because they removed after the state court ruled against them and issued a temporary restraining order. (ECF No. 17).

Defendants' actions in state court, with respect to their opposition to an emergency motion for a temporary restraining order, were defensive actions in furtherance of preserving the status quo. *See McGee & McGee Wine merchants, LLC v. Jam Cellars, Inc.*, 3:16-cv-0240-LRH-WGC, 2016 WL 2943814 at *2 (D. Nev. May 20, 2016); *see also Campillo v. Dovenmuehle Mortgage, Inc.*, No. CV-13-07077 DMG (VBKx), 2013 WL 12212940 at *4 (C.D. Cal. Dec. 31, 2013). In such a case, there is no waiver of the right to remove an action. *See McGee*, 2016 WL 2943814 at

*2; *see also Campillo*, 2013 WL 12212940 at *4. Absent conduct that constitutes waiver, defendants' removal after the state court issued a temporary restraining order does not warrant remanding this case to state court. *See Kenny*, 881 F.3d at 790 (holding that a defendant must take actions that manifest intent to litigate in state court).

### iii. Status of Wells Fargo Minnesota, N.A.

The petition for removal states that Wells Fargo Bank Minnesota, N.A. moved for removal. (ECF No. 1). However, the amended complaint names "Wells Fargo" as a defendant. (ECF No. 9-2). The Songs argue that, in light of this discrepancy, the court should remand this case to state court because Wells Fargo did not actually move for or consent to removal. (ECF No. 17).

Defendants' use of "Wells Fargo Bank Minnesota, N.A." in the petition for removal is nothing more than a scrivener's error. Wells Fargo is the successor by merger to Wells Fargo Bank Minnesota, N.A, which means that the two entities are one and the same. (ECF No. 24). Therefore, Wells Fargo did in fact move for and consent to removal.

### iv. Summary

The Songs have brought forth numerous arguments, all of which fail to raise proper grounds to remand this case. Accordingly, the court will deny the Songs' motion to remand.

## b. Failure to state a claim.

The Songs' allege seven causes of action in their amended complaint, all of which rely on the Songs' challenge to PHH's right to nonjudicially foreclose under the first deed of trust. (ECF No. 9-2). Thus, because these claims sound in wrongful foreclosure, the court will address the amended complaint accordingly. *See Wilkinson v. Deutsche Bank Nat. Trust Co.*, No. 2:12-cv-00253-LDG (VCF), 2012 WL 4194509 at *2 (D. Nev. Sept. 17, 2012).

Nevada recognizes the tort of wrongful foreclosure only where a homeowner alleges a lender wrongfully exercised the power of sale and foreclosed upon his or her property when the homeowner was not in default on the mortgage loan. *See Collins v. Union Federal Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev.1983) (reversing summary judgment where there was a dispute of fact about whether nonpayment was appropriate). It is a "material issue of fact in a wrongful

foreclosure claim [that] the trustor was in default when the power of sale was exercised." *Id*. at 623.

The amended complaint alleges that PHH recorded the notice of default pursuant to the first deed of trust with the Clark County recorder's office, which constitutes an exercise of the power of sale as it initiates the foreclosure process. *See Pimentel v. Countrywide Home Loans, Inc.*, No. 2:10-cv-02125-KJD-LRL, 2011 WL 2619093 at *1–*2 (D. Nev. July 1, 2011) (adjudicating a wrongful foreclosure claim after a notice of default was recorded but before the occurrence of the foreclosure sale).

However, the Songs have failed to plausibly allege that they were not in default when PHH exercised its power of sale. The amended complaint is void of any allegation that the Songs timely made payments in compliance with their obligations under the first deed of trust. (ECF No. 9-2). Moreover, the court takes judicial notice of a letter that Mr. Song recorded with the Clark County recorder's office, which shows that the Songs knew that they were in default. (ECF No. 4-5).

Finally, the amended complaint implausibly alleges that the settlement agreement resolved all the debt on the property under the first deed of trust. The settlement agreement, which Mr. Song recorded with the Clark County recorder's office, expressly referenced only the second deed of trust. (ECF No. 4-5). Moreover, Mr. Song and his attorney signed the settlement agreement even though it does not contain any language that would extinguish the first deed of trust. *Id*.

In light of the substantive evidence before the court, the allegations in the amended complaint do not "plausibly suggest" that PHH, and the entities that it represents, lack the authority to foreclose upon the property. *Starr*, 652 F.3d at 1216. Accordingly, the court will dismiss with prejudice the Songs' amended complaint in its entirety.

*c. Reconsideration*

Because the court will dismiss the Songs' amended complaint in its entirety, the court will deny as moot the Songs' motion for reconsideration.

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the Songs' motion to remand (ECF No. 17) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' motion to dismiss (ECF No. 4) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that the Songs' motion for reconsideration (ECF No. 36) be, and the same hereby is, DENIED as moot.

The clerk shall enter judgment accordingly and close the case.

DATED December 27, 2018.

_____
UNITED STATES DISTRICT JUDGE