UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES SONG, et al., | Case No. 2:18-CV-757 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| MTC FINANCIAL, INC., et al., | |
| Defendant(s). | |

Presently before the court is defendants PHH Mortgage Corporation ("PHH"), Wells Fargo Bank Minnesota, N.A. as Trustee for Merrill Lynch Mortgage Investors Trust, Series MLCC 2003-A ("Wells Fargo"), Merrill Lynch Mortgage Investors Trust, Series MLCC 2003-A (the "Trust"), and former PHH Vice President Michael Danlag's (collectively "defendants") renewed motion to dismiss. (ECF No. 64). Plaintiffs James and Adrienne Song responded in opposition (ECF No. 66) to which defendants replied (ECF No. 72).

Also before the court is the Songs' countermotion for leave to amend their complaint. (ECF No. 68). Defendants responded in opposition (ECF No. 73) to which the Songs replied (ECF No. 77).

I.   **BACKGROUND**

   **A. Factual Background**

This is a dispute over two loans secured by the property at 2903 La Mesa Drive, Henderson, NV 89014 (the "property"). (Am. Verified Compl., ECF No. 1-7 ¶ 13). In January 2003, the Songs executed and recorded a $394,458 promissory note and first deed of trust. (First Deed of Trust, ECF No. 64-1). They also executed and recorded a $1,455,542

James C. Mahan
U.S. District Judge

promissory note and a second deed of trust via a home equity line of credit. (Second Deed of Trust, ECF No. 64-4). Wells Fargo is the current beneficiary of the first deed of trust. (ECF No. 64 at 3).

The Songs' claims can be delineated based on two main allegations: (1) PHH breached an oral promise not to foreclose on the first deed of trust and (2) defendants fraudulently assigned the first deed of trust in the securitization process. (ECF No. 1-7 ¶¶ 32–33, 36–45). The court will briefly recount these allegations based on the complaint and the public records incorporated therein.

### 1. PHH's Oral Promise not to Foreclose on the First Deed of Trust

The Songs defaulted on their two loans amid the 2008 financial crisis. (Mot. for Prelim. Inj., ECF No. 9 at 4). On January 20, 2010, their loan servicer PHH accelerated the loan balances and recorded a notice of default and election to sell under the second deed of trust only. (Notice, ECF No. 64-5; ECF No. 9 at 4). On February 28, 2011, the Songs and PHH reached a settlement through Nevada's Foreclosure Mediation Program. (Settlement Agreement, ECF No. 64-6). The settlement agreement slashed the loan balance and interest rate and established a new payment schedule. (*Id.*). It never mentions the first note and deed of trust. (*Id.*). The Songs allege that PHH's VP and representative at the mediation Michael Danlag orally promised that PHH would not foreclose on the first deed of trust so "long as the Songs fulfilled the terms of the newly negotiated, but not yet signed, [settlement]." (ECF No. 1-7 ¶ 33; *see also* ECF No. 9 at 3).

After some time during which the Songs "did not receive any monthly mortgage payment statement from PHH" or any other entity, (ECF No. 1-7 ¶ 34), PHH sent a letter dated February 14, 2013 in response to Mr. Song's qualified written request[1] regarding the loans. (Letter, ECF No. 64-6 at 12). The letter reiterated the settlement terms. (*Id.*). It also recounted

---

[1] A qualified written request ("QWR") is a written correspondence that a borrower can send to his mortgage servicer. Consumer Financial Protect Bureau, *What is a Qualified Written Request (QWR)?*, https://tinyurl.com/xpzbxztr (last updated Jun. 7, 2017). A QWR can request information or assert that the servicer made an error. *Id.* The servicer must generally confirm it received the QWR within five business days and respond with an answer within 30 days. *Id.*

James C. Mahan
U.S. District Judge

- 2 -

that Song contacted Danlag on November 20, 2012 and "requested assistance because a foreclosure of the first lien was pending." (*Id.*). According to the letter, Danlag forwarded a loss mitigation financial worksheet to Song on December 4, 2012. (*Id.*).

### 2. Defendants' Fraudulent Assignment

On December 16, 2011, Bank of America, N.A. recorded a fraudulent and forged assignment of the first deed of trust to ML Bank & Trust. (ECF No. 1-7 ¶ 36). Danlag signed the instrument even though he was never an employee or agent of Bank of America. (*Id.* ¶ 37). ML Bank & Trust is not registered or licensed to do business in Nevada or "federally run within the United States." (*Id.* ¶¶ 38–39).

On November 14, 2014, ML Bank & Trust recorded an assignment of the first deed of trust to defendant MLCC 2003-A securitized trust of which Wells Fargo is the trustee. (*Id.* ¶ 40). SEC records suggest that the Trust had a closing date of February 1, 2003, yet Wells Fargo allowed the Songs' mortgage to be deposited into the Trust eleven years later. (*Id.* ¶ 41). SEC records also suggest that mortgages deposited into the Trust had to come from one specific entity—Merrill Lynch Mortgage Investors, Inc.—and not from ML Bank & Trust. (*Id.* ¶¶ 44–45).

### B. Procedural History

PHH recorded a fourth and final notice of default and election to sell under the first deed of trust on March 16, 2017. (Notice, ECF No. 64-7). The Songs then brought this case in Nevada state court on March 30, 2018. (Compl., ECF No. 1-1 at 17). In the meantime, PHH was granted a foreclosure certificate by Nevada's Foreclosure Mediation Program. (ECF No. 9-9). But the state court granted a TRO soon after, enjoining defendants from proceeding with a foreclosure. (TRO, ECF No. 1-10).

Defendants then removed the case to this court. (Pet. for Removal, ECF No. 1). The Songs promptly sought a preliminary injunction. (ECF No. 9). The court denied their request, ruling that they were unlikely to succeed on the merits based on the statute of frauds and various statutes of limitations. (Order, ECF No. 25). The court's denial of a preliminary injunction was affirmed on appeal. (Mem., ECF No. 47).

James C. Mahan
U.S. District Judge

The court later dismissed this case in full. (Order, ECF No. 40). The dismissal order was affirmed in small part and remanded with instructions.[2] (Mem., ECF No. 60). The Ninth Circuit held that the court erroneously ruled that all seven claims sounded in wrongful foreclosure and had to be dismissed because the Songs failed to allege that they were not in default. (*Id.* at 3). Accordingly, the panel instructed the court to consider the plausibility of the remaining six "discrete" claims that merely *relate to* foreclosure: promissory estoppel, intentional misrepresentation, negligent misrepresentation, fraud, civil conspiracy, and slander of title. (*Id.* at 4).

Defendants now again move to dismiss, arguing that the Songs' claims are time-barred. (ECF No. 64 at 2).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires every complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Although Rule 8 does not require detailed factual allegations, it does require more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In other words, a complaint must have *plausible* factual allegations that cover "all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citation omitted) (emphasis in original); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

The Supreme Court in *Iqbal* clarified the two-step approach to evaluate a complaint's legal sufficiency on a Rule 12(b)(6) motion to dismiss. First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678–79. Legal conclusions are not entitled to this assumption of truth. *Id.* Second, the court must consider whether the well-pleaded factual allegations state a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the court can draw a reasonable

---

[2] The Ninth Circuit affirmed the dismissal of the declaratory relief claim. (ECF No. 60 at 3). It held that defendants can foreclose more than six years after the Songs' default. (*Id.* at 3 (citing *Facklam v. HSBC Bank USA*, 401 P.3d 1068, 1071 (Nev. 2017) (en banc))).

1 inference that the defendant is liable for the alleged misconduct. *Id.* at 678. When the allegations have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

The court typically may not consider material beyond the pleadings to evaluate a complaint's legal sufficiency under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(d). But the court can consider exhibits attached to the complaint or matters properly subject to judicial notice under Federal Rule of Evidence 201. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Under the incorporation by reference doctrine, the court can also consider documents whose contents are alleged in a complaint and whose authenticity no party questions but which are *not* attached to the complaint. *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1043 (9th Cir. 2015).

### III. DISCUSSION

#### A. Defendants' Renewed Motion to Dismiss

Defendants argue that the Songs' claims are time-barred. (ECF No. 64 at 7–13). The statute of limitations defense may be raised by a motion to dismiss if the running of the limitations period is apparent on the face of the complaint. *Ledesma v. Jack Stewart Produce, Inc.*, 816 F.2d 482, 484 n.1 (9th Cir. 1987). "In federal diversity cases, the statute of limitations in the state in which the action is brought is generally controlling." *Flowers v. Carville*, 112 F. Supp. 2d 1202, 1208 (D. Nev. 2000).

The limitations period begins when a claim accrues. *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990). A claim accrues when "the wrong occurs and a party sustains injuries for which relief could be sought." *Id.*; *see also State ex rel. Dept. of Transp. v. Public Employees Ret. Sys. of Nevada*, 83 P.3d 815, 817 (Nev. 2004) (stating that a claim accrues when "a suit may be maintained thereon"). Some claims are governed by a discovery rule which tolls the limitations period "until the injured party discovers or reasonable should have discovered facts

**James C. Mahan**
**U.S. District Judge**

- 5 -

supporting" a claim. *Petersen*, 792 P.2d at 20. The court again delineates the claims based on the two main allegations.

### 1. Claims arising out of PHH's Oral Promise not to Foreclose on the First Deed of Trust

Defendants assert that the Songs' claims accrued on February 14, 2013. (ECF No. 64 at 7–10). This is when they were "put on notice" that "foreclosure proceedings were moving forward" on the first deed of trust. (ECF No. 72 at 3). A letter dated February 14, 2013 from PHH to the Songs—which they recorded with the 2011 settlement agreement—reveals that they sought loss mitigation assistance as early as November 20, 2012 "because a foreclosure of the first lien was pending." (ECF No. 64-6 at 12). In that same letter, "PHH acknowledged receipt of a February 11, 2013 request by the Songs for a review for loss mitigation assistance." (ECF No. 64 at 8 (internal quotation marks omitted)). In other words, the Songs knew that PHH was foreclosing on the first deed of trust—in breach of its oral promise not to do so—as early as November 20, 2012 and surely by February 14, 2013. (*Id.*). And the Ninth Circuit held that the court did not abuse its discretion in denying a preliminary injunction when it ruled that "the Songs' claims had accrued by February 2013, more than five years before the Songs initiated suit." (Mem., ECF No. 47 at 2).

The Songs assert that their claims accrued on March 16, 2017. This is when PHH filed a fourth and final notice of default. (ECF No. 66 at 7). Defendants always rescinded any prior notices of default and would halt their foreclosure efforts. (*Id.* at 6 ("Defendants rescinded their efforts to foreclose . . . at least three times during the last eight years.")). In fact, defendants "rescinded their notice of default a mere month after sending the [February 14, 2013] letter." (*Id.* at 7). The March 2017 fourth notice of default is the "only notice of default that defendants have attempted" to foreclose on after the 2011 settlement agreement and oral promise. (*Id.* at 6–7). And in affirming dismissal of the declaratory judgment claim, the Ninth Circuit purportedly noted that the Songs' claims accrued with the March 2017 fourth notice of

default.³ (ECF No. 60 at 3). At bottom, the Songs say if they sued before March 2017, "there would be no cause of action to maintain because there would not have been any damages whatsoever." (ECF No. 66 at 6).

Defendants have the better argument. Under their argument, a promise not to foreclose is breached by recording a notice of default and election to sell. *Cf. Pimentel v. Countrywide Home Loans, Inc.*, No. 2:10-cv-02125-KJD, 2011 WL 2619093, at *1 (D. Nev. July 1, 2011) (adjudicating a wrongful foreclosure claim after a notice of default but before a foreclosure sale). And the February 14, 2013 letter proves the Songs knew then that PHH was in breach. Especially since the Songs sought loss mitigation assistance in late 2012 amidst a pending foreclosure. (ECF No. 64-6 at 12). Yet they sought judicial relief on March 30, 2018. (ECF No. 1-1 at 17). And besides, the Songs do not say what damages they sustained on March 16, 2017 and beyond that they had not yet sustained on February 14, 2013. After all, defendants never consummated a foreclosure sale. (ECF No. 73 at 11).

In sum, an "action upon a contract, obligation or liability not founded upon an instrument in writing" must be brought within four years. Nev. Rev. Stat. § 11.190(2)(c). The Songs knew PHH breached its oral promise not to foreclose as of February 14, 2013 and likely even earlier. They had until February 14, 2017 to bring a promissory estoppel claim. They

---

³ It is not clear that this finding was necessary to the Ninth Circuit's holding on the declaratory judgment claim or that it even applies to the remaining "discrete" claims before the court:

> The record does support dismissal of the Songs' declaratory judgment claim: contrary to the Songs' argument, Defendants can nonjudicially foreclose more than six years after the Songs' default. *See Facklam v. HSBC Bank USA*, 401 P.3d 1068, 1071 (Nev. 2017) (en banc). And, in any case, the second notice of default was rescinded on March 20, 2013, thus "render[ing] moot disputes concerning the notice of default or its timing." *Holt v. Reg'l Tr. Servs. Corp.*, 266 P.3d 602, 606 (Nev. 2011). The fourth notice of default was filed on March 16, 2017, meaning that the foreclosure would have been timely **even if** the six-year statute of limitations applied.

(ECF No. 60 at 3 (emphasis added)). Thus, the court will not treat the finding as the law of the case. (*See* ECF No. 66 at 7 ("This Court would be going against the law of the case if it indulged the Defendants' motion to dismiss.")).

James C. Mahan
U.S. District Judge

- 7 -

sued on March 30, 2018. (ECF No. 1-1 at 17). Their promissory estoppel claim is time-barred and DISMISSED with prejudice.[4]

The misrepresentation claims are time-barred too. Such claims must be brought within three years of "the discovery by the aggrieved party of the facts constituting the fraud or mistake." *Siragusa v. Brown*, 971 P.2d 801, 806 (Nev. 1998) (discussing Nev. Rev. Stat. § 11.190(3)(d)). Just as with the promissory estoppel claim, the February 14, 2013 letter proves that the Songs knew of PHH's alleged misrepresentation—and its true intention to foreclose—at that time and likely even earlier. They had until February 14, 2016 to bring their misrepresentation claims. They sued on March 30, 2018. (ECF No. 1-1 at 17). Their intentional and negligent misrepresentation claims are time-barred and DISMISSED with prejudice.[5]

### 2. Claims Arising out of Defendants' Fraudulent Assignment

The Songs' fraud, civil conspiracy, and slander of title claims arise out of an allegedly fraudulent assignment of the first deed of trust from Bank of America to ML Bank & Trust recorded on December 16, 2011. (ECF No. 1-7 ¶¶ 82, 90, 96). The statute of limitations for fraud is three years and a fraud claim accrues "upon the discovery by the aggrieved party of the facts constituting the fraud." Nev. Rev. Stat. § 11.190(3)(d). Likewise, the statute of limitations for civil conspiracy is four years and a claim accrues "when the plaintiff discovers

---

[4] The Songs' promissory estoppel claim may also fail for another reason. "Promissory estoppel is a common law exception to the common law element of consideration normally required in a contract, but it is not generally an exception to the statute of frauds, except in very particular circumstances." *Nieto v. Litton Loan Servicing, LP*, No. 2:10-cv-00223, 2011 WL 797496, at *3 (D. Nev. Feb. 23, 2011); *see also infra* section III.B.2.b (discussing the statute of frauds and the Songs' newly alleged breach of contract claim).

[5] The Songs' misrepresentation claims may also fail for another reason. The claims are essentially a "recast" of their promissory estoppel claim. *Nieto v. Litton Loan Servicing, LP*, No. 2:10-cv-00223-GMN-GWF, 2011 WL 797496, at *6 (D. Nev. Feb. 23, 2011) (dismissing a tortious misrepresentation claim that was "recast" as the separately pled promissory estoppel claim). That is because, upon close inspection, the Songs really do not allege "any misrepresentation of past or present facts." *Id.* They "conflate misrepresentation with promissory estoppel; the former is based on a misrepresentation of an existing fact, whereas the latter is based on a misstatement of future intentions." *Id.* Danlag's statement that PHH would not foreclose on the first deed of trust is best viewed as a misstatement of future intentions and not as a misrepresentation of existing fact. *See generally Tallman v. First Nat. Bank of Nev.*, 208 P.2d 302, 307 (Nev. 1949) ("[T]here is no inference of a fraudulent intent not to perform from the mere fact that a promise made is subsequently not performed.").

or should have discovered all of the necessary facts constituting a conspiracy claim." *Siragusa*, 971 P.2d at 807. "The time of discovery may be decided as a matter of law only where uncontroverted evidence proves that the plaintiff discovered or should have discovered the fraudulent conduct." *Id.* at 806 (quotation omitted). And finally, the statute of limitations for slander of title is two years. Nev. Rev. Stat. § 11.190(4)(c).

Recordation provides "subsequent purchasers with knowledge concerning the state of title for real property." *State Dep't of Taxation v. Kawahara*, 351 P.3d 746, 747 (Nev. 2015). Nevada is a race notice jurisdiction and recorded instruments "impart notice to all persons of the contents thereof." Nev. Rev. Stat. § 111.320. That is why the Songs had constructive notice of the assignment on December 16, 2011 and had "an obligation to investigate possible claims related to [the] recording at that time." (ECF No. 64 at 10).

The Songs do not respond to defendants' constructive notice argument. (*See* ECF No. 66 at 6–7); *see also Hansen v. Albertsons Companies, LLC*, No. 2:19-cv-02050-JAD-EJY, 2020 WL 7711920, at *5 (D. Nev. Dec. 28, 2020) ("The failure-to-oppose rule [in Local Rule 7-2(d)] applies equally to specific arguments made in moving papers."). Notwithstanding this concession, the court finds that the Songs' fraud, conspiracy, and slander of title claims accrued on December 16, 2011 and they sued on March 30, 2018. (ECF No. 1-1 at 17). These claims are time-barred and DISMISSED with prejudice.

These claims are also dismissed for another compelling reason. A borrower "who is neither a party nor an intended third-party beneficiary" of a pool sharing agreement ("PSA") lacks standing to challenge an assignment of their loan after the PSA's closing date. *Wood v. Germann*, 331 P.3d 859, 861 (Nev. 2014); *see also Greenwood v. Ocwen Loan Servicing, LLC*, 800 F. App'x 502, 504 (9th Cir. 2020) (affirming dismissal because the borrowers "could not state a claim based on alleged irregularities in the assignments of the promissory note and deed of trust"); *Reyes v. GMAC Mortg. LLC*, No. 2:11-cv-100-JCM-RJJ, 2011 WL 1322775, at *2 (D. Nev. Apr. 5, 2011) ("[T]he securitization of a loan does not in fact alter or affect the legal beneficiary's standing to enforce the deed of trust."). This is precisely what the Songs are trying to do. (ECF No. 1-7 ¶¶ 36–45).

**James C. Mahan**
**U.S. District Judge**

- 9 -

In fact, borrowers like the Songs have been sanctioned for bringing claims like these by other courts in this district. *Greenwood v. Ocwen Loan Servicing LLC*, No. 3:16-cv-00527-RCJ-VPC, 2018 WL 1831323, at *5 (D. Nev. Apr. 17, 2018), *aff'd*, 800 F. App'x 502 (9th Cir. 2020). The Songs' contention that they are not challenging the validity of the assignment but are merely seeking damages for a fraudulent transfer is unavailing if not nonsensical. (ECF No. 66 at 8–9). In short, their challenge of the December 2011 assignment is doubly flawed: they lack standing to bring their time-barred claims.

### B. The Songs' Countermotion for Leave to Amend Their Complaint

The Songs countermove for leave to amend their complaint at the supposed invitation of the Ninth Circuit. (ECF No. 68 at 4 (citing ECF No. 60 at 4 ("The Songs, on remand, can move the district court to amend their complaint if they wish."))). This would be their third bite at the apple. (ECF No. 1-1 (complaint filed March 30, 2018), ECF No. 1-7 (complaint filed April 7, 2018), ECF No. 68-9 (proposed complaint)).

The court must "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). That is, Rule 15 must be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (citation omitted). The court considers various factors when deciding whether to allow amendment: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of the amendment, and (5) whether the plaintiff has previously amended the complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015).

A proposed amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim or defense. *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). The test for futility is somewhat like the test for a motion to dismiss under Rule 12(b)(6).[6] *Id.*; *see also Rowe v. Clark Cty. Sch. Dist.*, No. 2:16-cv-661-

---

[6] *See generally* Amendments with Leave of Court—When Leave to Amend May Be Denied, 6 Fed. Prac. & Proc. Civ. § 1487 (3d ed.) ("Although several courts have stated that the substantive merits of a claim or defense should not be considered on a motion to amend, these statements should not be construed too broadly . . . [S]everal courts have held that if a complaint as amended could not withstand a motion to dismiss or summary judgment, then the amendment should be denied as futile.").

JCM-PAL, 2017 WL 2945718, at *3 (D. Nev. July 10, 2017); *Morris v. CACH, LLC*, No. 2:13-cv-00270-APG, 2013 WL 5738047, at *2 (D. Nev. Oct. 22, 2013).  The party opposing amendment has the burden to prove futility.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

The proposed amended complaint introduces new factual allegations, retains the claims from the last complaint, and adds eight new claims.  Most of the new factual allegations come from a certified fraud examiner's expert report opining on the allegedly fraudulent assignments of the Songs' mortgage in the securitization process.  (Proposed Am. V. Compl., ECF No. 68-9 ¶¶ 53–56).  The court will address the old and new claims in turn.

### 1. Old Claims

As aforementioned, the court rules that the Songs' original claims are time-barred.  *See supra* section III.A.  Or as defendants put it: "[N]o set of facts will cure the statute of limitations issues in this case—the Songs' own recorded documents . . . confirm that they knew of the underlying issues no later than February 2013. No set of facts will change the holding in the *Wood* case, which found that borrowers like the Songs cannot challenge [assignments] of a deed of trust."  (ECF No. 73 at 8 (cleaned up)).  Leave to amend as to the promissory estoppel, equitable estoppel, intentional misrepresentation, negligent misrepresentation, fraud, civil conspiracy, and slander of title claims is DENIED with prejudice as futile.

### 2. New Claims

#### a. Intentional and Negligent Interference with Prospective Economic Advantage

Defendants' argument that the intentional interference with prospective economic advantage claim is time-barred just like the old claims is unpersuasive.  (ECF No. 73 at 9).  It is unclear how the February 14, 2013 letter shows that the Songs had notice of such a claim. (*Id.*).

Still, the claim is insufficiently pled.  An intentional interference with prospective economic advantage claim requires: (1) a prospective contractual relationship between the plaintiff and a third party, (2) knowledge by the defendant of the prospective relationship, (3)

intent to harm plaintiff by preventing the relationship, (4) the lack of privilege or justification by the defendant, and (5) actual harm to the plaintiff from the defendant's conduct. *Leavitt v. Leisure Sports, Inc.*, 734 P.2d 1221, 1225 (Nev. 1987).

The claim's underlying allegation is that even though the Songs have always been current on their payments under the 2011 settlement agreement, PHH has "reported repeated negative monthly marks against [their] credit history" which has interfered with their ability to "procure vitally important personal loans and real-estate loans for their businesses." (ECF No. 68-9 ¶¶ 63–64). Above all, there is no plausible allegation that defendants knew about any *specific* prospective relationship or had an intent to harm said relationship.

In sum, the intentional interference with prospective economic advantage claim as pleaded in the proposed amended complaint is futile. But because the Songs may be able to allege a set of facts that states such a claim, leave to amend as to this claim is DENIED without prejudice.

As to *negligent* interference with prospective economic advantage, is it not a recognized claim in Nevada. *Oracle USA, Inc. v. Rimini St., Inc.*, No. 2:10-cv-00106-LRH, 2010 WL 3257933, at *5 (D. Nev. Aug. 13, 2010) (citing *Local Joint Executive Bd., Culinary Workers Union, Local. No. 226 v. Stern*, 651 P.2d 637 (Nev. 1982)). The Songs do not argue otherwise in their reply. (*See* ECF No. 77 at 3); *see also* LR 7-2(d). Leave to amend as to the negligent interference with prospective economic advantage claim is DENIED with prejudice as futile.

### b. Breach of Contract and Breaches of the Implied Covenant of Good Faith and Fair Dealing

The Songs now allege that PHH's oral promise not to foreclose was a material term of the 2011 settlement agreement.[7] (ECF No. 68-9 ¶ 86). Yet "[t]he law surrounding the Nevada

---

[7] This theory may also be a non-starter because of the parol evidence rule. The rule says that "all prior negotiations and agreements are deemed merged in the written contract, and parol evidence is not admissible to vary or contradict its terms." *Tallman v. First Nat'l Bank*, 208 P.2d 302, 306 (Nev. 1949). As aforementioned, the 2011 settlement agreement explicitly references the second deed of trust but does not mention the first deed of trust. Because the parties do not raise this issue, the court will not opine on it further.

James C. Mahan
U.S. District Judge

- 12 -

statute of frauds is strict. An oral agreement concerning real estate that is not in writing is void." *Nieto v. Litton Loan Servicing, LP*, No. 2:10-cv-00223, 2011 WL 797496, at *3 (D. Nev. Feb. 23, 2011) (discussing Nev. Rev. Stat. § 111.205(1)); *see also Sattari v. CitiMortgage*, No. 2:09-cv-00769-RLH, 2011 WL 1103403, at *4 (D. Nev. Mar. 23, 2011) (holding that an oral forbearance agreement was unenforceable under the statute of frauds), *aff'd sub nom. Sattari v. CitiMortgage, Inc.*, 471 F. App'x 627 (9th Cir. 2012). The statute of frauds reaches modifications to deeds of trust or promissory notes. *Hampton v. Countrywide Home Loans, Inc.*, No. 2:10-cv-01775-RLH-GWF, 2011 WL 1792743, at *2 (D. Nev. May 11, 2011).

The oral promise may also be void under the one-year provision of the statute of frauds. Nev. Rev. Stat. § 111.220(1). "Only those oral agreements which are capable of being fully performed within a year from execution are not void under the Statute of Frauds." *Branch Banking & Tr. Co. v. Eloy Bus. Park, LLC*, No. 2:12-cv-01679-LRH, 2014 WL 1304649, at *2 (D. Nev. Mar. 31, 2014). PHH promised to *never* foreclose which is an "indefinite obligation" that it cannot fully perform within a year. *Id.* (holding that an oral agreement not to foreclose was void under the one-year provision of the statute of frauds and because the loan documents did not permit oral modifications).

The Songs appear to argue that defendants should be estopped from asserting the statute of frauds against their breach of contract claim and, for that matter, their promissory estoppel claim. (ECF No. 77 at 3–4 ("Defendants are estopped from foreclosing on the property."); ECF No. 66 at 8 ("That is exactly why Nevada law has carved an exception to the statute of frauds when the other party's promise has induced action, just as it has here.")).

To avoid the statute of frauds in a property transaction, "a party must prove estoppel or part performance by an extraordinary measure . . . of evidence." *Waters v. Weyerhaeuser Mortg. Co.*, 582 F.2d 503, 506 (9th Cir. 1978) (internal quotation marks and citation omitted). But the Songs do not sufficiently allege facts supporting an estoppel theory. *See Axis Spine NV, LLC v. Xtant Med. Holdings, Inc.*, No. 2:17-cv-02147-APG-VCF, 2018 WL 1794721, at

\*3 (D. Nev. Apr. 16, 2018) ("[T]he amended complaint alleges part performance by both [parties], but it does not allege a promise to reduce the agreement to an executed contract.").

As to breaches of the implied covenant, such claims presuppose a contractual relationship. *See Perry v. Jordon*, 900 P.2d 335, 338 (Nev. 1995) (per curiam). And because the alleged oral promise violates the statute of frauds, the Songs have not alleged a valid agreement that includes a promise not to foreclose. *Accord Sarro v. Nevada State Bank*, No. 2:16-cv-01756-GMN-GWF, 2016 WL 6909105, at \*5 (D. Nev. Nov. 23, 2016) (dismissing a breach of the implied covenant claim based on an oral loan modification agreement); *Jordan v. Bank of Am.*, No. 3:13-cv-00058-MMD, 2013 WL 5308268, at \*4 (D. Nev. Sept. 19, 2013) (same).

Moreover, a *tortious* breach of the implied covenant claim requires a special relationship between the contracting parties. *Chavez v. California Reconveyance Co.*, No. 2:10-cv-00325-RLH-LRL, 2010 WL 2545006, at \*4 (D. Nev. June 18, 2010). The Songs "have not alleged facts that could give rise to a special relationship or exceptional circumstances" as "[p]ayment for a lender's services does not amount to an exceptional circumstance between a borrower and a lender that gives rise to a special relationship." *Id.*; *see also Jordan*, 2013 WL 5308268, at \*5 (noting that lenders, their assignees, and trustees do not have a special relationship with borrowers).

In sum, the contractual-type claims as pleaded in the proposed amended complaint are futile. But because the Songs may be able to allege a set of facts that could avoid the application of the statute of frauds and establish a special relationship, leave to amend as to these claims is DENIED without prejudice.

### c. Violations of Nevada's Homeowners Bill of Rights, NRS 107.500 and 107.550

The Songs now allege that PHH did not send them the required pre-foreclosure notice before the March 2017 fourth notice of default. (ECF No. 68-9 ¶ 174). They ask for damages and the remedies enumerated in NRS 107.550(1). (*Id.* ¶¶ 179, 190–191).

James C. Mahan
U.S. District Judge

- 14 -

To begin with, the "Songs give no explanation for why these claims were not brought in their original complaint." (ECF No. 73 at 10). The essence of their prior complaints and opposition to dismissal on statutes of limitation grounds was the now allegedly voidable March 2017 fourth notice of default. (*See* ECF No. 1-7 ¶ 46).

Notwithstanding the potential undue delay, NRS 107.560 lists a borrower's remedies under the Nevada's Homeowners Bill of Rights. The Songs should know that the statute allows recovery of "actual economic damages . . . **after the property has already been sold.**" *Song v. Wells Fargo Bank, N.A.*, 462 P.3d 698 (Nev. App. 2020) (table) (emphasis added) (internal quotation marks omitted) (quoting Nev. Rev. Stat. § 107.560(l)-(2)); *see also Hunt v. MTC Fin., Inc.*, No. 3:14-cv-00359-MMD, 2015 WL 1280756, at *4 (D. Nev. Mar. 20, 2015). Defendants are yet to consummate a foreclosure sale. (ECF No. 73 at 11). Because these claims are premature, leave to amend as to these claims is DENIED without prejudice.

### IV.  CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' renewed motion to dismiss (ECF No. 64) be, and the same hereby is, GRANTED. The Songs' claims are DISMISSED with prejudice.

IT IS FURTHER ORDERED that the Songs' countermotion for leave to amend (ECF No. 68) be, and the same hereby is, DENIED. Leave to amend is DENIED without prejudice only as to the intentional interference with prospective economic advantage claim, breach of contract claim, breaches of the implied covenant of good faith and fair dealing claims, and claims under Nevada's Homeowners Bill of Rights.

DATED April 23, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**